## SUPREME COURT.

John R. Sheldon, respondent, agt. John Clancy and
Thomas Callahan, appellant.

It is now settled that a *married woman* can purchase property of her *husband* and
acquire a valid title thereto, when such purchase is in good faith and from her
own separate estate, or with funds belonging thereto, and is made on account of
such estate.

The wife, in respect to all transactions on account of her separate estate is, in law,
regarded as a *feme sole*.

*Fourth Judicial Department, November, Term,* 1871.
*Present,* Mullin, *P. J., and* Johnson *and* Talcott, *JJ.*
Appeal from judgment at special term.

Holliday & Bingham, *for appellants.*

On the 28th day of July, 1869, Charles W. Smith trans-
ferred to the defendants the right, &c., of a patent Stove,
for the state of California, and *agreed to furnish patterns*, for
which the defendants made the note in question, ($200, in
excess of the actual price), and paid $100 upon it; and at the
time of making the note Smith indorsed upon it his agree-
ment to furnish paterns, and indorsed $300.   Smith soon after
let his comrade (Edgett), in this business, have it, who after-
wards transferred it to the firm of Sheldon Brothers, (con-
sisting of plaintiff and brother) with the indorsement of the
agreement upon it, and they transferred the note with such
indorsement upon it to the wife of the plaintiff; and she,
after its maturity, transferred the note to the plaintiff, (her
husband).   The patterns were not turnished, and the value

of them exceeded the amount unpaid of the note.   But some-
time after the transfer of the note to Sheldon Brothers, the
defendant, John Clancy, being advised that patterns had ar-
rived, and were in express office in Hornellsville, signed a
receipt for the patterns, at the request of Smith or Edgett,
and did not until the day following, have access to the box
in which he supposed they were, and then assertained that
it did not contain the patterns.   The defendants insisted :

.1st.  That the plaintiff could not take title to the note from
his wife.

2d.  That the failure of Smith to perform his agreement to
furnish patterns, gave them the right to recoup their dam-
ages resulting from such breach.

The defendants, therefore, took exceptions to the denial of
motion for nonsuit, and to refusal of the court to charge as
requested, as well as to direction of verdict for plaintifl.

I.  The plaintiff had no title to the note, and should for that
reason have been nonsuited.

1.  The action could be maintained only by the party in in-
terest, (*Code* § 3).

2.  The only interest or right of the plaintiff, was derived
from the attempt to take a transfer of the note, directly from
his wife, which could not give him any title to the note
(*White* agt. *Wagner*, 32 *Barb.*, 250 ; *Opinion by Court of
Appeals*, 25 *N. Y.*, 328 ; *Winans* agt. *Peebles*, 32 *N. Y.*,
423 ; *Savage* agt. *O'Neil*, 42 *Barb.*, 374, 379).

The statute for the protection of the property of married
women, have placed the wife upon equal footing with the
husband, so far as relates to the taking and holding property
(*Laws* 1848, *Chap.* 200 ; *Laws*, 1849, *Chap.* 375), but do
not permit or authorize transfers of proprty between them-
selves.   And the subsequent statutes have not removed that
disability (*Laws*, 1860, *Chap.* 90 ; *Laws*, 1862, *Chap.* 172).

Especially, so far as relates to the right of the husbaud to
take transfers from the wife.

The case of *Rausau* agt. *Pennsylvania R.R. Co.*, (2 *Abb.*

*N. S.*, 220), has no application here. And in *Kelly* agt. *Campbell*, (1 *Keyes*, 29), the question did not arise.

II. The defendants' exceptions to the refusal of the court to charge as requested, in respect to their claim for damages for breach of agreement to furnish patterns, &c., were well taken.

1. This agreement was indorsed upon the note, and went with it into the hands of Sheldon Brothers, and they understood at the time of transfer to them, that the agreement had not been performed; and shortly after the receipt was made, Clancy says he informed the plaintiff that the patterns were not furnished. The plaintiff, therefore, did not take the position of a *bona fide* holder of the paper, &c., and the defendants were entitled to make the same defense, which an action by the payee would permit.

2. The payee of the paper having failed to perform the agreement to deliver the patterns, there was a failure of consideration, to the extent of the damages resulting from such breach, which it is insisted the court should have permitted the jury to allow to the defendants.

3. It cannot, as matter of law be held upon the evidence that the defendants accepted, as fulfillment of this agreement, the contents of the box, which was said to contain the patterns, but which did not contain them.

It is only character, or quality, that is waived by acceptance.

The jury were authorized to find here that no patterns had been furnished.

The doctrine of the case of *Reed* agt. *Randall*, (29 *N. Y.*, 358), is not so broad as to permit an omission to return property delivered to operate as a waiver of performance of an agreement to deliver other, and entirely different property.

4. And inasmuch as the agreement was in writing, and unquestioned, and the damage exceeded the amount due upon the note, the plaintiff ought to have been nonsuited.

III. The judgment ought to be reversed, and new trial granted.

HAKES & STEVENS, *for respondent.*

The note upon which this action was brought was given to one Chas. W. Smith, and $300 was indorsed thereon on the day of its date. Smith, the payee, agreed by writing, indorsed on the note, to give the makers a set of patterns of the patent stove, and he testifies that he (defendant Clancy) was to have a set of castings for patterns, &c.

On the arrival of the castings from Buffalo, the defendant Clancy executed the receipt therefor. This receipt accompanied the note into the hands of Mrs. Sheldon, the wife of the plaintiff.

The defendants were brothers-in-law. Clancy re-packed and boxed up the castings.

Callahan told Clancy to put them up. Clancy boxed the castings and shipped them by express to California, on the 18th of August, 1869, and has not seen them since. Callahan was present and left for California shortly after. The note was transferred to Sheldon Brothers, and by them transferred for value (the receipt accompanying it,) to the wife of the plaintiff, before maturity (the plaintiff, who was one of the firm of Sheldon Brothers, personally transacting the business, with his wife, for the firm). The plaintiff's wife transferred the note to him after its maturity.

I. The plaintiff acquired valid title to the note from his wife.

Under the statutes relating to married women (*Laws of* 1862, *page* 343) the common law rule that a wife cannot take personal property by gift from her husband is abrogated (*Rawson* agt. *Pennsylvania R. R. Co.*; 2 *Abbott Pr. N. S.*, 220).

And a gift by a husband to his wife may be sustained without the aid of the statutes for the protection of married

women, where the rights of creditors are not involved (*Kelly* agt. *Campbell*, 1 *Keyes*, 29).

If a transfer by gift from husband or wife to the other may be sustained, certainly a transfer for a valuable consideration paid will be upheld.

II. If the plaintiff could not acquire title to the note from his wife, then she could acquire no title from the firm of Sheldon Brothers, of which the plaintiff was a member (the transaction being had personally with him), therefore the title to the note would remain in Sheldon Brothers, and the nonjoinder of Frederick M. Sheldon, the other member of the firm, as co-plaintiff not having been pleaded in abatement, the action would be maintainable by this plaintiff alone.

III. The agreement to furnish the castings was an executory agreement, and the defendants, having accepted, boxed and shipped them to California, and never returned, or offered to return them, are precluded from objecting to their quality.

The retention of the property by the purchaser is an admission on his part that the contract has been performed (*Reed* agt. *Randall*, 29 *N. Y.*, 358).

*By the court*, JOHNSON, J.—The action was upon a promissory note given by the defendants to Charless W. Smith or bearer, payable six months after date.

The only question in the case relied upon as of any importance is, whether the plaintiff had any valid title to the note.

It was transferred to him by his wife who had a separate estate, and who held this note as part thereof before the transfer by her to her husband, the plaintiff. The decision of the appeals commission in the case of *Savage* agt. *O'Neil*, (44 *N. Y.*, 298), and also the decision of this court in the case of *Salter* agt. *Sutherland*, at the last September term, (*Alby. Law. Jour.*, vol. 4, 252), disposes of this question in

favor of the plaintiff. It is now settled, that a married woman can purchase property of her husband, and acquire a valid title thereto, when such purchase is in good faith and from her own separate estate, or with funds belonging thereto, and is made on account of such estate. The wife, in respect to all transations on account of her separate estate, is, in law, regarded as a *feme sole*. Consequently, as to such property, she can sell to her husband, as well as purchase of him, the same precisely as though they had never contracted marriage.

The judgment must, therefore, be affirmed.